**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

      Plaintiff,

v.

AVOCADO SHOPPING CENTER, LLC,
LA MORENITA LATIN STORE INC d/b/a
LA MORENITA MEAT MARKET, LA
MORENITA MEXICAN GRILL INC d/b/a
LA MORENITA RESTAURANT &
MEXICAN GRILL, and SHAPON
CORPORATION d/b/a SHAPON FOOD
MARKET,

      Defendants.

_____/

## COMPLAINT

     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other

similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues AVOCADO

SHOPPING CENTER, LLC, LA MORENITA LATIN STORE INC d/b/a LA MORENITA

MEAT MARKET, LA MORENITA MEXICAN GRILL INC d/b/a LA MORENITA

RESTAURANT & MEXICAN GRILL, and SHAPON CORPORATION d/b/a SHAPON FOOD

MARKET (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

    1.     This is an action for injunctive relief, a declaration of rights, attorneys' fees,

litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with

Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.     The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

5.     At all times material, Defendant, AVOCADO SHOPPING CENTER, LLC, owned and operated a commercial retail shopping plaza at 29601 SW 162nd Avenue Homestead, Florida 33033 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Homestead, Florida.

6.     At all times material, Defendant, AVOCADO SHOPPING CENTER, LLC, was and is a Florida Limited Liability Company which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in North Miami Beach, Florida. Defendant, AVOCADO SHOPPING CENTER, LLC, holds itself out to the public as "AVOCADO SHOPPING CENTER."

7.     At all times material, Defendant, LA MORENITA LATIN STORE INC d/b/a LA MORENITA MEAT MARKET, owned and operated a commercial restaurant at 29609 SW 162nd Avenue, Homestead, Florida 33033 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Homestead, Florida.

8.     At all times material, Defendant, LA MORENITA LATIN STORE INC, was and is a Florida Profit Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Homestead, Florida. Defendant, LA

MORENITA LATIN STORE INC, holds itself out to the public as "LA MORENITA MEAT MARKET."

9.  At all times material, Defendant, LA MORENITA MEXICAN GRILL INC d/b/a LA MORENITA MEXICAN RESTAURANT & GRILL, owned and operated a commercial restaurant at 29607 SW 162nd Avenue, Homestead, Florida 33033 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Homestead, Florida.

10.  At all times material, Defendant, LA MORENITA MEXICAN GRILL INC d/b/a LA MORENITA MEXICAN GRILL, was and is a Florida Profit Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Homestead, Florida. Defendant, LA MORENITA MEXICAN GRILL, holds itself out to the public as "LA MORENITA MEXICAN RESTAURANT & GRILL."

11.  At all times material, Defendant, SHAPON CORPORATION d/b/a SHAPON FOOD MARKET, owned and operated a commercial restaurant at 29601 SW 162nd Avenue, Homestead, Florida 33033 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Homestead, Florida.

12.  At all times material, Defendant, SHAPON CORPORATION d/b/a SHAPON FOOD MARKET, was and is a Florida Profit Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Homestead, Florida. Defendant, SHAPON CORPORATION, holds itself out to the public as "SHAPON FOOD MARKET."

13.  Venue is properly located in the Southern District of Florida because Defendant's Commercial Property and businesses are located in Miami-Dade County, Florida, Defendant

regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

14.     Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its/their facilities accessible to individuals with disabilities.

15.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants have continued to discriminate against people who are disabled in ways that block them from access and use of Defendants' property and the businesses therein.

16.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

17.     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA.  NIGEL FRANK DE LA TORRE PARDO uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He has lower paraplegia, inhibits him from walking or otherwise ambulating without the use of a wheelchair.  He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

18.     Defendant, AVOCADO SHOPPING CENTER, LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots specific to the businesses therein and all other common areas open to the public located within the commercial property.

19.     The subject Commercial Property is open to the public and is located in

4

Homestead, Florida. The individual Plaintiff visits the Commercial Property, to include visits to the Commercial Property and businesses located within the Commercial Property on June 21, 2023, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property.  He often visits the Commercial Property and businesses located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately two (2) miles from his residence and is near other businesses and restaurants he frequents as a patron.  He plans to return to the Commercial Property within two (2) months from the date of the filing of this Complaint.

20.    The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, found the Commercial Property and businesses located within the commercial property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and business located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

21.    The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property. The barriers to access at Defendants' Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

22.    Defendants, AVOCADO SHOPPING CENTER, LLC, LA MORENITA LATIN STORE INC d/b/a LA MORENITA MEAT MARKET, LA MORENITA MEXICAN GRILL INC d/b/a LA MORENITA MEXICAN RESTAURANT & GRILL, and SHAPON CORPORATION

d/b/a SHAPON FOOD MARKET, own and operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, AVOCADO SHOPPING CENTER, LLC, LA MORENITA LATIN STORE INC d/b/a LA MORENITA MEAT MARKET, LA MORENITA MEXICAN GRILL INC d/b/a LA MORENITA MEXICAN RESTAURANT & GRILL, and SHAPON CORPORATION d/b/a SHAPON FOOD MARKET, are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, AVOCADO SHOPPING CENTER, LLC, LA MORENITA LATIN STORE INC d/b/a LA MORENITA MEAT MARKET, LA MORENITA MEXICAN GRILL INC d/b/a LA MORENITA MEXICAN RESTAURANT & GRILL, and SHAPON CORPORATION d/b/a SHAPON FOOD MARKET, own and operate the Commercial Property and or businesses located at 29601 SW 162nd Avenue Homestead, Florida 33033.

23.     Defendant, AVOCADO SHOPPING CENTER, LLC, as landlord and owner of the Commercial Property, is jointly and severally liable for all ADA violations listed in Counts I through III, in this Complaint.

24.     Defendant, LA MORENITA LATIN STORE INC d/b/a LA MORENITA MEAT MARKET, as a tenant of a business within the Commercial Property, is jointly and severally liable for all ADA violations listed in Count II, in this Complaint.

25.     Defendant, LA MORENITA MEXICAN GRILL INC d/b/a LA MORENITA MEXICAN RESTAURANT & GRILL, as a tenant of a business within the Commercial Property, is jointly and severally liable for all ADA violations listed in Count III, in this Complaint.

26.     Defendant, SHAPON CORPORATION d/b/a SHAPON FOOD MARKET, as a tenant of a business within the Commercial Property, is jointly and severally liable for all ADA violations listed in Count IV, in this Complaint.

27.     Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, but to assure himself that the Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

28.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

<u>**COUNT I - ADA VIOLATIONS**
**AS TO PRIME HOMES AT AVOCADO SHOPPING CENTER, LLC**</u>

29.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 28 above as though fully set forth herein.

30.     Defendant, AVOCADO SHOPPING CENTER, LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Parking

i.      The required number of accessible parking spaces is not provided, violating Section

4.1.2(5a) and 4.6.1 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    There are accessible parking spaces that have uneven/broken surfaces violating 28 CFR 36.21, whose resolution is readily achievable.

B.   <u>Entrance Access and Path of Travel (common areas).</u>

i.    The Plaintiff had difficulty traversing the path of travel, as it is not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.    The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily

achievable.

v.     The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.     The plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises more than ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.     The plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT II - ADA VIOLATIONS AS TO AVOCADO SHOPPING CENTER, LLC, and LA MORENITA LATIN STORE INC d/b/a LA MORENITA MEAT MARKET

31.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 28 above as though fully set forth herein.

32.     Defendants, AVOCADO SHOPPING CENTER, LLC, and LA MORENITA LATIN STORE INC d/b/a LA MORENITA MEAT MARKET, have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered:

A.  Entrance Access and Path of Travel

i.     The Plaintiff could not traverse through areas of the store, as the required 36" path is

not provided. Violation: A continuous path of travel connecting all essential elements of the store is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  <u>Public Restrooms</u>

i.  There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  The Plaintiff had difficulty using the doorknob and locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

v.  The Plaintiff had difficulty using the toilet paper & paper towels due to the rolls not being located within a dispenser. Violation: Elements in the restroom are not readily

accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

vi.    The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is missing and the side grab bar is not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Sections 604.5 & 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.  The Plaintiff could not use the paper towel dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.    The Plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

x.     The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp

to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

xi.  The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the bathrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT III - ADA VIOLATIONS AS TO, AVOCADO SHOPPING CENTER, LLC, and LA MORENITA MEXICAN GRILL INC d/b/a LA MORENITA MEXICAN RESTAURANT & GRILL

33.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 28 above as though fully set forth herein.

34.    Defendants, AVOCADO SHOPPING CENTER, LLC, and LA MORENITA MEXICAN GRILL INC d/b/a LA MORENITA MEXICAN RESTAURANT & GRILL, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the businesses within, include but are not limited to, the following:

A.  Access to Goods and Services

i.  The Plaintiff could not use the sales counters without assistance, as they are mounted too high. Violation: There are sales counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Public Restrooms

i.      There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff had difficulty using the doorknob and locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff could not use the lavatories outside the toilet compartment without assistance, as the required knee and toe clearance is not provided. Violation: There are lavatories in public restrooms without the required clearances provided outside the accessible toilet compartment, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 213.3.4, 306, and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v.      The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing. Violation: The accessible toilet compartment door does not provide the features that comply with Sections 4.17.5 of the ADAAG and Section 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.     The Plaintiff could not enter the accessible toilet compartment without assistance, as the required maneuvering clearance is not provided. Violation: The accessible toilet compartment does not provide the required latch side clearance at the door violating Sections 4.13.6 and 4.17.5 of the ADAAG and Sections 404.2.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.    The Plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.   The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.     The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

x.      The Plaintiff could not transfer to the toilet without assistance, as the clear floor space is obstructed. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xi.     The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs

the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xii.    The Plaintiff had difficulty using the toilet paper & paper towels due to the rolls not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

xiii.    The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xiv.    The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xv.    The Plaintiff could not use the paper towel dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

xvi.    The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation

of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT IV - ADA VIOLATIONS AS TO , AVOCADO SHOPPING CENTER, LLC, and SHAPON CORPORATION d/b/a SHAPON FOOD MARKET

35.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 28 above as though fully set forth herein.

36.     Defendants, AVOCADO SHOPPING CENTER, LLC, and SHAPON CORPORATION d/b/a SHAPON FOOD MARKET, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant have 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the businesses within, include but are not limited to, the following:

A.  Entrance Access and Path of Travel

i.     The Plaintiff could not traverse through areas of the store, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the store is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Access to Goods and Services

i.     The Plaintiff could not use the sales counters without assistance, as they are mounted too high. Violation: There are sales counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

C.  <u>Public Restrooms</u>

i.      There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff could not enter the restroom without assistance, as the door width is too narrow. Violation: The clear width at restroom doors is less than the prescribed minimums violating Section 4.13.5 of the ADAAG and Section 404.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG, 28 CFR 36.211, and Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.      The Plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

vi.     The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation

of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.   The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.   The Plaintiff could not use the restroom without assistance, as the required clear floor space was not provided due to the dimensions. Violation: Compliant clear floor space is not provided in the restroom, violating Sections 4.2.3 and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## <u>RELIEF SOUGHT AND THE BASIS</u>

37.     The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, NIGEL FRANK DE LA TORRE PARDO, from further ingress, use, and equal enjoyment of the Commercial; Plaintiff requests to be physically present at

such inspection in conjunction with Rule 34 and timely notice.   A Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

38.      The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and Defendants' businesses within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

39.      Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in

policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

40.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

41.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

42.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by the Plaintiff or waived by the Defendants.

43.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located within the Commercial Property located at 29601 SW 162nd Avenue

Homestead, Florida in Miami Dade County, Florida, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and Title II the Americans with Disabilities Act, 42 U.S.C. § 12131; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 ; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title II of the Americans with Disabilities Act.

Dated: November 2, 2023

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305) 553-3464
Primary E-Mail: ajperez@lawgmp.com

Secondary E-Mail: bvirues@lawgmp.com;
jacosta@lawgmp.com

By: ____/s/ Anthony J. Perez_____
ANTHONY J. PEREZ
Florida Bar No.: 535451
BEVERLY VIRUES
Florida Bar No.: 123713